UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS CABRERA CONTRERAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC. a foreign profit corporation; CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, a foreign limited liability company; CHIPOTLE SERVICES, LLC, a foreign limited liability company; CMG STRATEGY CO., LLC, a foreign limited liability company; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | Case No. 2:26-cv-01464-JHC<br><br>**ANSWER TO CLASS ACTION COMPLAINT** |

Defendants Chipotle Mexican Grill, Inc., Chipotle Mexican Grill of Colorado, LLC, Chipotle Services, LLC and CMG Strategy Co., LLC (collectively, “Chipotle” or “Defendants”) submit this Answer to the Class Action Complaint from Plaintiff Luis Cabrera Contreras (“Plaintiff”) as follows:



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

## I. NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants Chipotle Mexican Grill, Inc.; Chipotle Mexican Grill of Colorado, LLC; Chipotle Services, LLC; and CMG Strategy Co., LLC (collectively, "Defendants" or "Chipotle") for violations of the Minimum Wage Act ("MWA"), chapter 49.46 RCW, the Wage Rebate Act ("WRA"), chapter 49.52 RCW, and the Industrial Welfare Act ("IWA"), chapter 49.12 RCW.

**ANSWER:**

**Paragraph 1 is a statement of the case to which no pleading response is required. To the extent a response is required, Chipotle denies any liability to Plaintiff and further denies that Plaintiff suffered any injury or is due any relief, under any theory.**

2. Plaintiff also brings this action against Defendants for violations of Seattle's Minimum Wage Ordinance, Seattle Municipal Code ("SMC") 14.19, and Wage Theft Ordinance, SMC 14.20.

**ANSWER:**

**Paragraph 2 is a continuation of the statement of the case to which no pleading response is required. To the extent a response is required, Chipotle denies any liability to Plaintiff and further denies that Plaintiff suffered any injury or is due any relief, under any theory.**

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

**ANSWER:**

**Paragraph 3 is a legal conclusion to which no pleading response is required.**

4. Venue is proper in this Court pursuant to RCW 4.12.020 because the acts and omissions alleged took place, in whole or in part, in King County, Washington and pursuant to RCW 4.12.025 because Defendants transact business in King County, Washington.

**ANSWER:**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**Chipotle admits that it conducts business in King County, Washington. The remainder of Paragraph 4 contains legal conclusions to which no pleading response is required.**

**III. PARTIES**

5. Plaintiff Luis Cabrera Contreras resides in King County, Washington and is employed by Defendants in Seattle, King County, Washington.

**ANSWER:**

**Chipotle lacks information sufficient to form an opinion as to Plaintiff's place of residence and on that basis denies the same. Chipotle admits that Plaintiff is employed by Chipotle but denies that he is employed by Chipotle in Seattle, King County, Washington.**

6. Defendant Chipotle Mexican Grill, Inc. is a foreign profit corporation that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington at 2212 North 45th Street, Seattle, Washington 98103 and 1827 15th Avenue West, Suite A22, Seattle, Washington 98119.

**ANSWER:**

**Chipotle admits that Chipotle Mexican Grill, Inc. is a Delaware corporation with its principal place of business in Newport Beach, California, and that it conducts business in King County, Washington, including at 2212 North 45th Street, Seattle, Washington 98103 and 1827 15th Avenue West, Suite A22, Seattle, Washington 98119.**

7. Defendant Chipotle Mexican Grill of Colorado, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has an office for the transaction of business in King County, Washington at 4832 33rd Avenue Northeast, Seattle, Washington 98105.

**ANSWER:**

**Chipotle admits that Chipotle Mexican Grill of Colorado, LLC is a Colorado Limited Liability Company with its principal place of business in Newport Beach, California, and**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**that it conducts business in King County, Washington, including at 4832 33rd Avenue Northeast, Seattle, Washington 98105.**

8. Defendant Chipotle Services, LLC is a foreign limited liability company that regularly transacts business in King County, Washington and has offices for the transaction of business in King County, Washington at 2212 North 45th Street, Seattle, Washington 98103 and 12725 Lake City Way Northeast, Seattle, Washington 98125.

**ANSWER:**

**Chipotle admits that Chipotle Services, LLC is a Colorado Limited Liability Company with its principal place of business in Newport Beach, California, and that it regularly transacts business in King County, Washington, including at 2212 North 45th Street, Seattle, Washington 98103, and 12725 Lake City Way Northeast, Seattle, Washington 98125.**

9. Defendant CMG Strategy Co., LLC is a foreign limited liability company that regularly transacts business in King County, Washington.

**ANSWER:**

**Chipotle admits that CMG Strategy Co., LLC is a Colorado Limited Liability Company with its principal place of business in Newport Beach, California, and that it transacts business in King County, Washington.**

10. Plaintiff is currently unaware of the true names and capacities of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

**ANSWER:**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**Chipotle is without information sufficient to form an opinion as to what Plaintiff is "unaware of" or is "informed and believes," and on that basis denies the allegations at the first and third sentences of Paragraph 10. Chipotle denies that Plaintiff should be granted leave to amend the complaint. Chipotle denies any remaining or different allegations at Paragraph 10.**

## IV. STATEMENT OF FACTS

11. Chipotle is a publicly traded with over 3,750 restaurants in the United States, 85 of which scattered across Washington state. See Form 10-Q, U.S. SECURITIES AND EXCHANGE COMMISSION, https://www.sec.gov/Archives/edgar/data/1058090/000105809025000056/cmg-20250630.htm (last visited Apr. 2, 2026); see also All Chipotle Locations in the US, CHIPOTLE, https://locations.chipotle.com/ (last visited Apr. 2, 2026).

**ANSWER:**

**Chipotle admits that Chipotle Mexican Grill, Inc., is a publicly traded corporation. Chipotle admits that Defendants operate restaurants throughout the United States. Chipotle denies the number cited to the extent they are inaccurate.**

12. As of December 31, 2025, Chipotle employed 130,301 people worldwide, 127,116 of which worked in the United Sates. See Form 10-K, U.S. SECURITIES AND EXCHANGE COMMISSION, https://ir.chipotle.com/sec-filings?cat=1&year=2025 (last visited Apr. 2, 2026).

**ANSWER:**

**Chipotle admits that it employs thousands of people worldwide but denies the numbers cited to the extent they are inaccurate.**

13. Plaintiff and Class members are current and former non-exempt Washington employees of Chipotle.

**ANSWER:**

**Chipotle admits that Plaintiff is a non-exempt employee of Chipotle in Washington. Chipotle admits that, as Plaintiff has defined the putative class, it encompasses current and**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**former non-exempt employees of Chipotle in Washington. Chipotle denies that class treatment is appropriate for this lawsuit and further denies that Plaintiff and members of the putative class suffered any injury or are due any relief, under any theory.**

14. Chipotle employed Plaintiff and Class members in Washington.

**<u>ANSWER:</u>**

**Chipotle admits that Plaintiff and putative class members are or were employed by Chipotle in Washington. Chipotle denies that class treatment is appropriate for this lawsuit and further denies that Plaintiff and members of the putative class suffered any injury or are due any relief, under any theory.**

15. Chipotle employed Plaintiff and Seattle Subclass members in Seattle, Washington.

**<u>ANSWER:</u>**

**Chipotle admits that it employed Plaintiff and putative Seattle subclass members in Seattle, Washington. Chipotle admits that Plaintiff alleges a putative subclass of Chipotle employees in Seattle, Washington, but denies that class treatment is appropriate for this lawsuit, as to either the putative class or the putative subclass. Chipotle further denies that Plaintiff, the putative class members, and the putative subclass members suffered any injury or are due any relief, under any theory.**

16. Chipotle did not keep records of the occurrence, time, and duration of paid rest periods.

**<u>ANSWER:</u>**

**Chipotle admits that it did not maintain records specifically documenting the occurrence, time, and duration of paid rest periods but denies any implication that it was required to maintain such records under any statute, regulation, or other provision of Washington law.**

17. At times, Chipotle required Plaintiff and Class members to work more than three consecutive hours without or between rest periods.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**ANSWER:**

**Chipotle denies the allegations at Paragraph 17. Throughout the putative class period, Chipotle maintained and enforced policies and practices designed to provide rest periods in accordance with applicable law. Chipotle lacks sufficient information to admit or deny whether Plaintiff or individual putative class members may have, on an isolated occasion, not taken a timely rest period, and on that basis denies the allegations. To the extent any rest period was missed or untimely, such instances were isolated, were not the result of any systemic policy or practice and were attributable to individual circumstances rather than any directive or requirement set forth by Chipotle.**

18. At times, Plaintiff and Class members were not scheduled for and did not take a rest period in a duration of at least 10 minutes, on Chipotle's time, for every four hours worked.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 18. Throughout the putative class period, Chipotle maintained and enforced policies and practices designed to provide rest periods in accordance with applicable law. While Chipotle admits that Plaintiff and members of the putative class may have, on isolated occasions, not taken a 10 minute rest period, Chipotle denies any implication that such instances were the result of any systematic practice, policy, or absence thereof by Chipotle and maintains instead that such occurrences were attributable to the circumstances of the individual employee and shift.**

19. Chipotle did not establish and maintain a process for Plaintiff and Class members to report and be compensated for instances of when they were required to work over three consecutive hours without a rest period, when they did not receive a rest period of at least 10 minutes, or when they failed to receive a rest period of at least 10 minutes in length for each four hours worked.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 19. Throughout the putative class**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**period, Chipotle maintained, distributed, and educated employees on policies and procedures governing rest periods and providing avenues for employees to raise concerns pertaining to the same.**

20. Chipotle did not compensate Plaintiff and Class members for an additional 10 minutes of work, at their regular rate of pay, for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, or were not provide a rest period of at least 10 minutes in duration for each four hours worked.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 20. To the extent any individual employee was not compensated for a missed rest period, Chipotle denies that any such non-payment was the result of a policy, practice, or directive of Chipotle.**

21. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Chipotle needed to compensate Plaintiff and Class members with an additional 10 minutes of work, at their regular rate of pay, for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, or were not provide a rest period of at least 10 minutes in duration for each four hours worked.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 21. The assertion that there is "no fairly debatable issue of law or any objectively or subjectively reasonable dispute" is a legal conclusion to which no pleading response is required. To the extent a response is required, Chipotle denies this characterization; there are myriad genuine disputes of law and fact, including whether any missed rest periods were attributable to Chipotle's policies and practices as opposed to individual, isolated circumstances, and whether the statutory framework requires the remedy Plaintiff seeks on the facts presented.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

22. Chipotle's failure to compensate Plaintiff and Class members with an additional 10 minutes of work, at their regular rate of pay, for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, or were not provide a rest period of at least 10 minutes in duration for each four hours worked was intentional and deliberate and was not the result of administrative or clerical errors.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 22. Chipotle specifically denies that any failure to compensate an employee for a missed rest period was intentional or deliberate. To the extent any individual employee did not receive compensation for a missed rest period, any such instance was isolated and was not the product of any intentional or deliberate policy or practice of Chipotle.**

23. At times, Chipotle failed to provide Plaintiff and Class members with meal periods in a duration of at least 30 minutes commencing no less than two hours nor more than five hours from the beginning of their shifts.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 23 as stated. Throughout the putative class period, Chipotle maintained and enforced policies and practices designed to provide meal periods in accordance with applicable law. Chipotle lacks sufficient information to admit or deny whether Plaintiff or individual putative class member may have, on isolated occasions, not taken a timely meal period, and on that basis denies the allegations. To the extent any meal period was missed or untimely, such instances were isolated, were not the result of any systemic policy or practice and were attributable to individual circumstances rather than any directive or requirement set forth by Chipotle.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

24. On occasion, Chipotle failed to provide second meal periods in a duration of at least 30 minutes for shifts greater than 10.5 hours in duration or otherwise required Plaintiff and Class members to work greater than five consecutive hours without or between meal periods.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 24. Throughout the putative class period, Chipotle maintained and enforced policies and practices designed to provide meal periods in accordance with applicable law. Chipotle lacks sufficient information to admit or deny whether Plaintiff or individual putative class members may have, on isolated occasions, not taken a timely second meal period, and on that basis denies the allegations. To the extent any second meal period was missed or untimely, such instances were isolated, were not the result of any systemic policy or practice, and were attributable to individual circumstances rather than any directive or requirement set forth by Chipotle.**

25. Chipotle failed to establish and maintain a process for Plaintiff and Class members to report and be compensated for instances of when they were not provided a meal period of at least 30 minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than 10.5 hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 25.**

26. Chipotle failed to compensate Plaintiff and Class members with an additional 30 minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least 30 minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than 10.5 hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**ANSWER:**

**Chipotle denies the allegations at Paragraph 26. Throughout the putative class period, Chipotle maintained policies and practices designed to ensure that employees received compliant meal periods and that any missed or noncompliant meal periods were identified and compensated in accordance with applicable law. To the extent Plaintiff or any individual putative class member did not receive a compliant meal period on an isolated occasion or did not receive additional compensation for a missed or non-compliant meal period, such instance was not the result of any systemic policy or practice but rather was attributable to individualized circumstances. Chipotle further denies that any failure to compensate occurred on a class-wide basis and contends that whether any individual employee was owed additional compensation for a missed meal period requires individualized inquiry into the facts and circumstances of each alleged instance.**

27. There is no fairly debatable issue of law or any objectively or subjectively reasonable dispute whether Chipotle needed to compensate Plaintiff and Class members with an additional 30 minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least 30 minutes commencing no less than two hours nor more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than 10.5 hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 27. Whether Chipotle was required to compensate Plaintiff and/or members of the putative class with an additional 30 minutes of pay for any particular instance presents fairly debatable questions of law and fact, including but not limited to whether a meal period was in fact missed or noncompliant, whether any such instance resulted from the employee's own voluntary choice to forgo or delay a meal period, and whether Chipotle's interpretation of and compliance with the applicable**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**statutory and regulatory framework was objectively reasonable. The scope of Chipotle's remedial obligations under Washington law, the method of calculating premium pay, and the application of these requirements to the varied factual circumstances of thousands of putative class members across dozens of locations present genuine and fairly debatable factual and legal disputes.**

28. Chipotle's failure to compensate Plaintiff and Class members with an additional 30 minutes of work, at their regular rate of pay, for each instance of when they were not provided a meal period of at least 30 minutes commencing no less than two hours and no more than five hours from beginning of their shift for shifts greater than five hours in duration, when they were not provided a second meal period for shifts greater than 10.5 hours in duration, or when they were otherwise required to work over five consecutive hours without or between meal periods was intentional and deliberate and was not the result of administrative or clerical errors.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 28. Chipotle denies that any failure to compensate Plaintiff and putative class members was intentional or deliberate. To the extent any employee did not receive additional compensation for a missed or noncompliant meal period, such failure was not the product of any willful or intentional conduct by Chipotle. Chipotle maintained policies and systems designed to ensure compliance with Washington's meal period laws and acted in good faith and with an objectively reasonable belief that its compensation practices complied with all applicable statutes, regulations, and legal authority.**

29. In weeks where Plaintiff and Class members worked more than 40 hours, Chipotle did not pay Plaintiff and Class members one and one-half times their regular rate of pay for all hours worked in excess of 40, including their missed rest periods.

**ANSWER:**

**Chipotle denies the allegations in Paragraph 29. Chipotle compensated Plaintiff and**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**putative class members for overtime in accordance with applicable law. To the extent Plaintiff alleges that missed rest period premiums should have been included in hours worked for the purposes of calculating overtime, Chipotle denies this allegation. Chipotle further avers that any determination of whether additional overtime compensation is owed requires individualized analysis of each employee's weekly hours, shift schedules, and whether a rest period violation in fact occurred during any particular workweek in which the employee worked in excess of 40 hours.**

30. At times, Chipotle issued wage statements to Plaintiff and Class members that did not include the wages and additional compensation owed to Plaintiff and Class members for missed and noncompliant meal and rest periods.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 30.**

## V. CLASS ACTION ALLEGATIONS

31. Class Definition. Pursuant to Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Class defined as follows:

> All current and former non-exempt employees of Chipotle Mexican Grill, Inc.; Chipotle Mexican Grill of Colorado, LLC; Chipotle Services, LLC; and/or CMG Strategy Co., LLC who worked in Washington from April 2, 2023, through the date of certification of the Class.

**ANSWER:**

**Chipotle admits that Plaintiff purports to bring this lawsuit as a class action but denies that class treatment is appropriate. Chipotle further denies that Plaintiff and putative class members suffered any harm or are due any relief, under any theory.**

32. Seattle Subclass Definition. Pursuant to Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a class action against Defendants on behalf of the Seattle Subclass defined as follows:

**ANSWER:**

**Chipotle admits that Plaintiff purports to bring this lawsuit as a class action but**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**denies that class treatment is appropriate as to either the putative class or the putative subclass. Chipotle further denies that Plaintiff and putative class members suffered any harm or are due any relief, under any theory.**

33. Excluded from the Class and Seattle Subclass are Defendants and their officers and directors.

**ANSWER:**

**Chipotle admits that Plaintiff purports to exclude from the putative class and putative subclass Defendants and their officers and directors but denies that class treatment is appropriate for this lawsuit and further denies that Plaintiff and putative class members suffered any injury or are due any relief, under any theory.**

34. Numerosity. The number of Class members exceeds 40 and it is therefore impracticable to join all members of the Class as named plaintiffs.

**ANSWER:**

**Chipotle admits that the putative class as defined by Plaintiff would, if certified by the Court, exceed 40 members. Chipotle denies that class treatment is appropriate for this lawsuit and further denies that Plaintiff or members of the putative class suffered any injury or are due any relief, under any theory.**

35. Commonality. Because Plaintiff and all Class members were subject to the same wage and hour practices of Defendants, there are common questions of law and fact among Plaintiff and Class members.

**ANSWER:**

**Chipotle admits that Plaintiff and putative class members were subject to the same wage and hour practices but denies that class treatment is appropriate for this lawsuit and further denies that Plaintiff or putative class members suffered any injury or are due any relief, under any theory.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

36. Typicality. Plaintiff's claims are typical of the claims of all Class members and of Defendants' anticipated defenses thereto. Plaintiff and Class members were subject to the same course of conduct of Defendants.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 36, including, without limitation, that class treatment is appropriate for this lawsuit and that Plaintiff and putative class members suffered any injury or are due any relief, under any theory.**

37. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. There is no conflict between Plaintiff and Class members. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and Plaintiff's counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

**ANSWER:**

**Chipotle denies the allegations at the first sentence of Paragraph 37. Chipotle is without sufficient information to form an opinion as to the second and third sentences of Paragraph 37 and on that basis denies the same.**

38. Predominance. Questions of law or fact common to members of the Class predominate over any questions affecting only individual members.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 38.**

39. Superiority. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful conduct. Absent a class action, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. A class action is superior to multiple individual lawsuits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 39.**

40. Public Policy Considerations. Employers in Washington regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.

**ANSWER:**

**Paragraph 40 contains legal conclusions, argument, and statements of public policy that do not require a pleading response. To the extent a response is required, Chipotle denies the allegations at Paragraph 40 and specifically denies the allegations at Paragraph 40 to the extent they are intended to imply that Chipotle violated wage and hour or other employment laws.**

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL PERIODS
### VIOLATION OF THE IWA AND MWA
***Claim of Relief for Plaintiff and the Class***

41. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER:**

**Chipotle incorporates by reference its responses to Paragraphs 1-40.**

42. The IWA, chapter 49.12 RCW, and its implementing regulation, WAC 296-126¬092, require employers to provide uninterrupted 30-minute meal periods free from work-



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

related responsibilities to employees for work shifts greater than five hours in length and prohibit employees from working more than five consecutive hours without a meal period.

**ANSWER:**

**Chipotle admits that the IWA and WAC 296-16-092 set forth requirements regarding meal periods for employees; the cited statutes and regulations speak for themselves. Chipotle denies the allegations at Paragraph 42 to the extent they are inaccurate or inconsistent with the actual statutory or regulatory text and further denies any implication that Chipotle violated the cited statutes and regulations.**

43. Employees have an implied cause of action for violations of chapter 49.12 RCW to protect them from conditions of labor that have a pernicious effect on their health. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wn.2d 841, 849-50 (2002).

**ANSWER:**

**Chipotle answers that the cited decision speaks for itself. Chipotle denies any implication that it violated RCW 49.12.**

44. A meal period violation is a wage violation, with employees entitled to 30 minutes of additional compensation for each instance they are required to work more than five consecutive hours without a compliant meal period. *Androckitis v. Virginia Mason Med. Ctr., 32 Wn. App. 2d 418 (2024); Hill v. Garda CL Nw., Inc.*, 191 Wn.2d 553, 560 (2018).

**ANSWER:**

**Chipotle answers that the cited decisions speak for themselves. Chipotle denies the allegations at Paragraph 44 to the extent it extends the holdings in the cited cases beyond their actual scope or applies them to facts not established in this case.**

45. Defendants violated the IWA and its implementing regulation by failing to provide Plaintiff and Class members with compliant 30-minute meal periods and by creating work schedules, staffing levels, and conditions of work that sometimes discouraged compliant meal periods.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**<u>ANSWER:</u>**

**Chipotle denies the allegations at Paragraph 45.**

46. Defendants violated the MWA, chapter 49.46 RCW, by failing to compensate Plaintiff and Class members for 30 minutes of work for each instance a 30-minute meal period commencing between the second and fifth hour from the start of their shift was not provided for shifts greater than five hours in duration and for instances when they were required to work greater than five consecutive hours without or between meal periods.

**<u>ANSWER:</u>**

**Chipotle denies the allegations at Paragraph 46, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and putative class members suffered any injury or are due any relief, under any theory.**

47. As a result of Defendants' actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

**<u>ANSWER:</u>**

**Chipotle denies the allegations at Paragraph 47, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and putative class members suffered any injury or are due any relief, under any theory.**

**<u>SECOND CAUSE OF ACTION</u>**
**FAILURE TO PROVIDE REST PERIODS**
**VIOLATION OF THE IWA AND MWA**
***Claim of Relief for Plaintiff and the Class***

48. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**<u>ANSWER:</u>**

**Chipotle incorporates its responses to Paragraphs 1-47.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

49. The IWA and its implementing regulation, WAC 296-126-092, require employers to provide a rest period of no less than 10 minutes, on the employer's time, for each four hours of working time.

**ANSWER:**

**Chipotle admits that the IWA and WAC 296-126-092 set forth requirements regarding rest periods for employees. Chipotle denies the allegations at Paragraph 49 to the extent they are inaccurate or inconsistent with the actual statutory or regulatory text and further denies any implication that Chipotle violated the cited statutes and regulations.**

50. Employees have an implied cause of action for violations of chapter 49.12 RCW to protect them from conditions of labor that have a pernicious effect on their health. *Wingert*, 146 Wn.2d at 849-50.

**ANSWER:**

**Chipotle answers that the cited decision speaks for itself. Chipotle denies any implication that it violated RCW 49.12.**

51. A rest period violation is a wage violation, with employees entitled to 10 minutes of additional compensation for each instance they are required or allowed to work longer than three consecutive hours without a rest period. *Id*.

**ANSWER:**

**Chipotle answers that the *Wingert* decision speaks for itself. Chipotle denies the allegations at Paragraph 51 to the extent they are inconsistent with the *Wingert* decision or extend its holding beyond its actual scope. Chipotle specifically denies that a rest period violation occurs where an employee is merely "allowed" to work longer than three consecutive hours without a rest period, as Plaintiff's position would impose strict liability on employers regardless of whether a compliant rest period was made available to the employee.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

52. As working through or missing a rest period effectively extends the workday by 10 minutes, Plaintiff and Class members are entitled to compensation for an additional 10 minutes of time for each instance they worked through or missed a rest period.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 52. To the extent Paragraph 52 contains legal conclusions or characterizations of law, no response is required, but to the extent a response is required, Chipotle denies the same.**

53. Defendants violated the IWA and its implementing regulation by failing to ensure Plaintiff and Class members always received a 10-minute paid rest period for every four hours worked, by failing to keep records of the occurrence, time and duration of rest periods taken, by failing to implement a process for Plaintiff and Class members to report and be paid for missed or otherwise noncompliant rest periods, and by creating work schedules, staffing levels and conditions of work that sometimes discouraged paid rest periods.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 53.**

54. Defendants violated the MWA by failing to compensate Plaintiff and Class members for an additional 10 minutes of work for each instance they were required to work greater than three consecutive hours without or between rest periods, were provided a rest period in a duration of less than 10 minutes, and/or were not provided a rest period of at least 10 minutes in duration for each four hours worked.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 54. To the extent Paragraph 54 contains legal conclusions or characterizations of law, no response is required, but to the extent a response is deemed required, Chipotle denies the same.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

55. Defendants further violated the MWA by failing to pay Plaintiff and Class members one and one-half times their regular rate of pay for all weekly hours worked in excess of 40, including the time they spent working through or missing rest periods in such weeks.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 55. To the extent Paragraph 55 contains legal conclusions or characterizations of law, no response is required, but to the extent a response is deemed required, Chipotle denies the same.**

56. As a result of Defendants' actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 56, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and putative class members suffered any injury or are due any relief, under any theory.**

**THIRD CAUSE OF ACTION**
**WAGE THEFT**
**VIOLATION OF CHAPTER 49.52 RCW**
***Claim of Relief for Plaintiff and the Class***

57. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER:**

**Chipotle incorporates its responses to Paragraphs 1-56.**

58. Washington's Wage Rebate Act, chapter 49.52 RCW, prohibits employers from paying employees less than the wages to which they are entitled by any statute, ordinance, or contract. RCW 49.52.050(2).

**ANSWER:**

**Chipotle answers that he cited statute speaks for itself. Chipotle denies the allegations at Paragraph 58 to the extent that they are inaccurate or inconsistent with the actual**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**statutory text.**

59. Defendants' actions, as alleged above, constitute willful withholding of wages due in violation RCW 49.52.050 and .070.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 59.**

60. As a result of Defendants' actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 60, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and members of the putative class suffered any injury or are due any relief, under any theory.**

## FOURTH CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
## VIOLATION OF WAC 296-126-040
***Claim of Relief for Plaintiff and the Class***

61. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER:**

**Chipotle incorporates its responses to Paragraphs 1-60.**

62. Employers are required to furnish each employee, at the time of payment of wages, with an itemized statement showing the pay basis, i.e., hours or days worked, rate or rates of pay, gross wages, and all deductions for that pay period. WAC 296-126-040.

**ANSWER:**

**Chipotle answers that the cited regulation speaks for itself. Chipotle denies the allegations at Paragraph 63 to the extent that they are inaccurate or inconsistent with the actual text of the regulation.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

63. Defendants issued wage statements to Plaintiff and Class members that did not include the wages and additional compensation owed to Plaintiff and Class members for missed and noncompliant meal and rest periods.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 63.**

64. Defendants' failure to furnish accurate wage statements to Plaintiff and Class members violates WAC 296-126-040.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 64.**

65. As a result of Defendants' actions and omissions, Plaintiff and Class members have been damaged in amounts to be proven at trial.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 65, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and members of the putative class suffered any injury or are due any relief, under any theory.**

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGE
## VIOLATION OF SMC 14.19.030
***Claim of Relief for Plaintiff and the Seattle Subclass***

66. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein

**ANSWER:**

**Chipotle incorporates its responses to Paragraphs 1-65.**

67. Seattle's Minimum Wage Ordinance sets the minimum hourly wage that must be paid to employees working within the City of Seattle. *See* SMC 14.19.030.

**ANSWER:**

**Chipotle answers that the ordinance cited speaks for itself. To the extent a response**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**is required, Chipotle admits that Seattle's Minimum Wage Ordinance sets an hourly minimum wage for employees working within the City of Seattle.**

68. By the actions alleged above, Defendants violated SMC 14.19.030.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 68.**

69. As a result of Defendants' actions and omissions, Plaintiff and Seattle Subclass members have been damages in amounts to be proven at trial.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 69, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and members of the putative class suffered any injury or are due any relief, under any theory.**

**SIXTH CAUSE OF ACTION**
**WAGE THEFT**
**VIOLATION OF SMC 14.20.020**
***Claim of Relief for Plaintiff and the Seattle Subclass***

70. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER:**

**Chipotle incorporates its responses to Paragraphs 1-69.**

71. Seattle's Wage Theft Ordinance requires that "[a]n employer shall pay all compensation owed to an employee by reason of employment on an established regular pay day at no longer than monthly payment intervals." SMC 14.20.020.

**ANSWER:**

**Chipotle answers that the cited ordinance speaks for itself. To the extent a response is required, Chipotle admits that Paragraph 71 contains an accurate excerpt from the cited ordinance.**

72. By the actions alleged above, Defendants violated SMC 14.20.020.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

**ANSWER:**

**Chipotle denies the allegations at Paragraph 72.**

73. As a result of Defendants' actions and omissions, Plaintiff and Seattle Subclass members have been damaged in amounts to be proven at trial.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 73, including without limitation that class treatment is appropriate for this action and that Plaintiff and members of the putative class suffered any injury or are due any relief, under any theory.**

## SEVENTH CAUSE OF ACTION
## FAILURE TO PROVIDE WRITTEN NOTICE OF COMPENSATION
## VIOLATION OF SMC 14.20.025.E
***Claim of Relief for Plaintiff and the Seattle Subclass***

74. Plaintiff incorporates by reference all foregoing factual allegations and realleges them as though fully set forth herein.

**ANSWER:**

**Chipotle incorporates its responses to Paragraphs 1-73.**

75. Seattle's Wage Theft Ordinance requires that each time compensation is paid, an employer shall give written notice to the employee of all hours worked, gross wages, and all deductions taken by the employer for that pay period. SMC 14.20.025.E.

**ANSWER:**

**Chipotle answers that the cited ordinance speaks for itself. To the extent a response is required, Chipotle admits that the cited ordinance sets forth notice requirements pertaining to hours worked, gross wages, and deductions.**

76. By the actions alleged above, Defendants violated SMC 14.20.025.E.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 76.**



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

77. As a result of Defendants' actions and omissions, Plaintiff and Seattle Subclass members have been damaged in amounts to be proven at trial.

**ANSWER:**

**Chipotle denies the allegations at Paragraph 77, including without limitation that class treatment is appropriate for this lawsuit and that Plaintiff and putative class and putative subclass members suffered any injury or are due any relief, under any theory.**

## VII. REQUEST FOR RELIEF

78. Plaintiff, individually and on behalf of members of the Class and Seattle Subclass, requests that the Court enter judgment against Defendants as follows:

a. An order certifying that this action be maintained as a class action and appointing Plaintiff as Class and Seattle Subclass Representative and Plaintiff's counsel as Class Counsel;

b. Compensatory damages, including unpaid wages, in amounts to be proven at trial;

c. Exemplary damages pursuant to RCW 49.52.070;

d. Reasonable attorneys' fees and costs pursuant to RCW 49.12.150, RCW 49.46.090, RCW 49.48.030, RCW 49.52.070, SMC 14.19.110, and SMC 14.20.090, or as otherwise permitted by law;

e. Unpaid wages and liquidated damages in an additional amount of up to twice the unpaid wages pursuant to SMC 14.19.110;

f. Unpaid wages and liquidated damages in an additional amount of up to twice the unpaid wages pursuant to SMC 14.20.090;

g. Pre- and post-judgment interest;

h. Injunctive relief prohibiting Defendants from engaging in the conduct complained of herein;

i. Declaratory relief to the effect that Defendants violated the statutory rights of



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

Plaintiff and the Class;

j. Leave to amend this complaint to conform to the evidence presented at or prior to trial; and

k. Any additional relief the Court deems equitable, appropriate, or just.

**ANSWER:**

**Chipotle admits that Plaintiff seeks the relief listed on behalf of himself and the putative class but denies that Plaintiff and putative class members suffered any harm or are due any relief, under any theory.**

**Chipotle denies each and every allegation of the Complaint except as expressly admitted.**

**AFFIRMATIVE AND OTHER DEFENSES**

Below are Defendants' affirmative and other defenses. By setting forth these affirmative and other defenses, Defendants do not assume any burden of proof as to any fact issue or other element of any cause of action that properly belongs to Plaintiff. Defendants reserve the right to amend or supplement their affirmative or other defenses.

1. Some or all of Plaintiff's claims fail to state a claim for which relief may be granted.
2. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.
3. Plaintiff's claims, and the claims they represent, are barred, in whole or in part, by the doctrines of unclean hands, waiver, unavoidable consequences, after-acquired evidence, estoppel, and/or other principles of equity.
4. Plaintiff and putative class members have not been aggrieved or suffered any injury or damages and therefore lack standing to assert the claims herein and fail to state a claim.
5. To the extent any alleged violations are negligent or trivial, the *de minimis* doctrine bars recovery.
6. Plaintiff and putative class members had a duty to mitigate their damages and failed



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800

to do so, and any damages awarded against Defendants are accordingly subject to deduction.

7. Plaintiff cannot satisfy the prerequisites for a class action under applicable law and, therefore, the class allegations of the Complaint must be stricken and dismissed.

8. The alleged damages are speculative and conjectural, and such speculation does not give rise to compensable damages.

9. At all times, Defendants acted in good faith and in reasonable compliance with applicable law.

10. To the extent any policy is deemed a noncompetition covenant, it is reasonable and necessary to protect Defendants' legitimate business interests.

11. Defendants expressly reserve the right to amend their answer to assert additional affirmative and other defenses.

Dated: May 20th, 2026

**DLA PIPER LLP (US)**

*By: s/ Anthony Todaro*
Anthony Todaro, WSBA No. 30391
*By: s/ David M. Rund*
David M. Rund, WSBA No. 60862
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4800
Email: *Anthony.Todaro@us.dlapiper.com*
Email: *David.Rund@us.dlapiper.com*

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

Dated this 20th day of May, 2026

*s/ Jenelle Barrett*
Jenelle Barrett, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4800